IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH OMUTITI and RIMA CHEMALI, Plaintiffs, | § § § § | |
| v. | § | CIVIL ACTION NO. H-15-2167 |
| MACY'S DEPT STORE, Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Remand [Doc. # 7] filed by Plaintiffs Elizabeth Omutiti and Rima Chemali. Defendant Macy's Retail Holdings, Inc. ("Macy's") filed a Response [Doc. # 8], and Plaintiffs filed a Reply [Doc. # 9]. Having reviewed the full record and applied governing legal authorities, the Court concludes that it has both federal question and diversity jurisdiction. Therefore, the Motion for Remand is **denied**.

### I.   BACKGROUND

Plaintiffs were employed by Macy's as sales associates at its store in Greenspoint Mall in Houston, Texas. Plaintiff Omutiti alleges that after Macy's terminated her employment in May 2014, its employees told customers that she was terminated for misconduct. Omutiti alleges that, while employed at Macy's, she

complained about age and national origin discrimination against her, and about mold in the building creating an unsafe work environment.

Plaintiff Chemali alleges the when she returned to work in early 2013 following surgery, she was required to perform "heavy duty tasks" such as scrubbing the floor and lifting heavy objects. Chemali alleges that she was sexually harassed by her manager, that Macy's stopped paying her medical bills incurred in connection with an on-the-job injury to her back, and that Macy's terminated her employment.

Plaintiffs filed this lawsuit against Macy's in Texas state court on May 28, 2015. In the Original Petition, Plaintiff Omutiti asserted causes of action for false imprisonment, intentional infliction of emotional distress, defamation, defamation per se, and violation of the Fair Labor Standards Act ("FLSA") and the Texas Labor Code. Chemali asserted causes of action for false imprisonment and intentional infliction of emotional distress. Plaintiffs sought monetary relief, including exemplary damages. Specifically, Chemali sought to recover up to $200,000.00, and Omutiti sought to recover over $200,000.00, but less than $1,000,000.00. In their Amended Petition, filed in Texas state court on June 21, 2015, Plaintiffs asserted the same causes of action, including Omutiti's FLSA claim, and requested the same amounts of monetary relief.

On July 28, 2015, Macy's filed a timely Notice of Removal. Macy's asserts that this Court has subject matter jurisdiction based both on federal question and on diversity of citizenship. Plaintiffs filed their Motion for Remand, to which they attached a Second Amended Petition dated August 26, 2015.[1] The unfiled Second Amended Petition does not contain the FLSA claim, and each Plaintiff states that she is seeking $74,899.00 in damages. Plaintiffs continue to seek exemplary damages and attorney's fees. The Motion for Remand has been fully briefed and is now ripe for decision.

## II.  GOVERNING LEGAL PRINCIPLES FOR REMOVAL JURISDICTION

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d. 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377). Any state court civil action over which the federal courts would have original

---

[1] The Second Amended Petition that is attached to the Motion for Remand has not been filed as Plaintiffs' live pleading.

jurisdiction may be removed by the defendant to federal court.  *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

District courts have both federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Swindol v. Aurora Flight Sciences Corp.*, __ F.3d __, 2015 WL 5090578, *2 (5th Cir. Aug. 28, 2015); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014).

The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  "[J]urisdictional facts

are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (quoting *La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014)). If a case is properly removed based on the petition at the time of removal, the federal court retains jurisdiction even if the federal claims are later abandoned by the plaintiff in an amended complaint. *See Spear*, 791 F.3d at 592 (citations omitted).

### III. ANALYSIS

The issue of federal subject matter jurisdiction is resolved based on the June 21, 2015 Amended Petition, which was the live pleading at the time of removal. *See id.* In the Amended Petition, Plaintiff Omutiti includes a claim based on an alleged violation of the FLSA, a federal statute. As a result, the Court has federal question jurisdiction over Omutiti's FLSA claim, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Omutiti's state law claims and over Chemali's claims. Plaintiffs' argument that they inadvertently included the FLSA claim is unavailing. The Original Petition and the Amended Petition included the FLSA claim, which was a live claim at the time of removal. Plaintiffs' attempt to dismiss that claim voluntarily post-removal does not affect this Court's subject matter jurisdiction. *See id.*

In addition to federal question jurisdiction, this Court has diversity jurisdiction over this dispute. It is undisputed that Plaintiffs are citizens of Texas. Macy's has presented uncontroverted evidence that it is a New York corporation with its principal place of business in Ohio.[2] *See* Declaration of Linda Balicki, Exh. B to Notice of Removal [Doc. # 1], ¶¶ 6-7. The amount in controversy in the Amended Petition clearly exceed $75,000.00, exclusive of interest and costs. Plaintiff Omutiti alleges that she is entitled to "at least $250,000.00 for her general and special damages." *See* Amended Petition, ¶ 42. Plaintiff Chemali states that she is seeking up to $200,000.00 as compensation for her injuries. *See id.*, ¶ 40. Additionally, each Plaintiff seeks to recover exemplary damages and attorney's fees. *See id.*, ¶ 47, section XVI. Although Plaintiffs attempted to reduce the amount in controversy through the unfiled Second Amended Petition, post-removal amendments do not destroy this Court's removal jurisdiction. *See Spear*, 791 F.3d at 592.

As explained herein, the Amended Petition contains a federal FLSA claim over which this Court would have original jurisdiction and over which this Court has removal jurisdiction based on the existence of a federal question. Additionally, the

---

[2] Plaintiffs argue in their Reply that Macy's is a Texas corporation because it does business in Texas. This argument is contrary to well-established Supreme Court and Fifth Circuit legal authority. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Swindol v. Aurora Flight Sciences Corp.*, __ F.3d __, 2015 WL 5090578, *2 (5th Cir. Aug. 28, 2015); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014).

Amended Petition establishes that there is complete diversity between Plaintiffs and Defendant and, at the time of removal, the amount in controversy exceeded $75,000.00, exclusive of interest and costs. This provides the Court with original and removal jurisdiction based on complete diversity of citizenship. Because the Court had jurisdiction at the time of removal, Plaintiffs' purported Second Amended Petition, attached to the Motion for Remand, does not affect this Court's subject matter jurisdiction. The Motion for Remand is, therefore, denied.

## IV.   CONCLUSION AND ORDER

As explained herein, the Court has both federal question and diversity jurisdiction over this dispute. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Remand [Doc. # 7] is **DENIED**. It is further

**ORDERED** that the deadline for the parties' Joint Discovery/Case Management Plan is advanced to **October 13, 2015**, and the initial conference is advanced to **October 19, 2015, at 11:30 a.m.**

SIGNED at Houston, Texas, this **11th** day of **September, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE