**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **RIMA CHEMALI** | | |
| **&** | § | |
| | § | |
| **ELIZABEH OMUTITI** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CASE NUMBER:** |
| **V.** | § | |
| **MACYS RETAIL HOLDINGS INC** | § | |
| **WILL LEWIS** | § | |
| **CARRI CONNER** | § | |
| **Defendants** | § | |

<u>**PLAINTIFFS' 4TH AMENDED COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **ELIZABEH OMUTITI and RIMA CHEMALI,** PLAINTIFFS, complaining of **MACYS RETAIL HOLDINGS INC., WILL LEWIS & CARRI CONNER** DEFENDANTS and for cause of action would respectfully show the following:

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and retaliation against Plaintiffs, including Defendants **MACYS RETAIL HOLDINGS INC**'s, unlawful discrimination, sexual harassment and retaliation against Plaintiffs because of inter alia, age, sex, race/national origin, failure to accommodate disability, and because of their repeated complaints about such unlawful discrimination, sexual harassment and retaliation, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII); the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"). It is also an action for False Imprisonment, Defamation, Intentional Infliction of Emotional Distress wrought on Plaintiffs by Defendants Will Lewis (hereinafter "Lewis") and Carri Conner (hereinafter "Conner").

2. Over the course of Plaintiffs employment history at the Macy's, Defendant repeatedly subjected Plaintiffs to unlawful discrimination and harassment because of their race/color, national origin and disabilities, as well as to unlawful retaliation.

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, which has caused and continues to cause Plaintiffs to suffer substantial economic and non-economic damages, permanent harm to their professional and personal reputation, and severe mental anguish and emotional distress.

## I.      JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, to the extent that this action involves federal questions regarding the deprivation of Plaintiffs civil rights under Title VII, Section 1981, ADEA and the ADA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## II.      PARTIES

6. Plaintiffs, **ELIZABEH OMUTITI ("Omutiti") and RIMA CHEMALI ("Chemali")**, are residents of Harris County, Texas.

7. Defendant, **MACYS RETAIL HOLDINGS INC** (hereinafter "Macy's") is a retail or chain of department stores which does business in Texas, and has been served with Court Process via its agent, Corporation Service Company at 211 E. 7th Street Suite 620 Austin, Texas 78701.

8. Defendant, **CARRI CONNER (hereinafter "Conner")** is a resident of the state of Texas over whom the court has jurisdiction. Conner was Plaintiffs' manager.

9. Defendant, **WILLIE LEWIS (hereinafter "Lewis")** is a resident of the state of Texas over whom the court has jurisdiction. Lewis was a Loss Prevention staff at Macy's.

## III.      FACTS AND CAUSES OF ACTION COMMON TO BOTH PLAINTIFFS

10. Plaintiff **Chemali, a Lebanese** and **Omutiti, an African, approximately ages 50 and 60, respectively,** worked as Associates for Defendant **Macy's** at the Greenspoint Mall, Houston,

Texas. For several years at Macy's, Plaintiffs endured or suffered a virtually shocking barrage of discrimination and harassment on the basis of their race/national origin and disabilities. Despite their complaints and pleas for Macy's to bring an end to the discriminatory and harassing conduct committed against them by their supervisors and managers, Macy's has turned a blind eye to their increasingly desperate plight.

11.     Specifically, on numerous occasions over the years, Plaintiffs were passed over for promotion, by their managers or supervisors who would get Plaintiffs to train other employees for weeks and would end up placing the trained employees over and above Plaintiffs, most of the time, the trained employees are 10 to 20 years younger than Plaintiffs and/or are of Hispanic descent. Plaintiffs are not of Hispanic descents.

12.     In the approximately thirteenth year of their employment, they were fired in about November, 2013 and about February 2014 respectively for allegedly violating company policy relating to coupons.   On their last days at work, Macy's agent or the Loss Prevention staff, Defendant Lewis summoned them to a room where they were held for approximately five hours against their will.

## IV.  FACTS PECULIAR TO PLAINTIFF CHEMALI

13.     For many years, Plaintiff Chemali received discriminatory treatments on the job. By way of example, one of Plaintiff Chemali's managers was Crystal Ramirez. Talking about younger associates, Ramirez would tell Plaintiff Chemali to "be a team and let them enjoy you. Train them so they can grow like you." The trained employees would often have problems with the duties of the position, go to Ramirez and Ramirez would redirect them to Plaintiff Chemali to train them some more or teach them how to resolve whatever problems they had.

14.     When Ramirez left Macy's around the first quarter of year 2013, Defendant Conner, a senior manager picked up where Ramirez left off. After Plaintiff Chemali complained to Defendant Conner about a series of discrimination including sexual harassment and hostile work environment as described below, Defendant Conner denied Plaintiff Chemali a raise, denied her

mileage expense plus other job benefits that Plaintiff Chemali's would ordinarily enjoy, and subjected Plaintiff Chemali's to a ridiculously intolerable hostile work environment. Defendant Conner subjected Plaintiff Chemali to different terms and conditions of employment.

15.     Additionally, prior to her discharge, Plaintiff Chemali had some health issues that caused her to have a hysterectomy performed on her about the end of 2012.  When she resumed  work  early  in 2013, she was made to inter alia, scrub the floor, lift heavy objects and perform heavy duty tasks, though she still had bandage around her stomach.

16.     Plaintiff Chemali's Manager, namely Sarah repeatedly sexually harassed her to the point that she became horribly depressed. Plaintiff Chemali initially asked her manager to stop the harassment to no avail.  Plaintiff then complained to the Department Manager who failed to act. Because the harassment was sufficiently severe and pervasive, Plaintiff Chemali resorted to calling Macy's headquarters. Even with that, no corrective action was taken. Plaintiff Chemali was subjected to hostility in her work environment based on her sex. Several employees observed her cry and break down on the job. The blatantly hostile work environment at the Macy's includes the frequent touching of Plaintiff's "breasts and buttocks" by Sarah, Plaintiff's same sex direct supervisor and manager, accompanied by acts of intimidation and threats. Plaintiff Chemali repeatedly complained about this and other discriminatory and harassing misconduct at Macy's and in return has been subjected to unlawful retaliation designed to punish her for complaining.

17.     The more she complained, the more her manager subjected her to heavier tasks on the job, such that she ended up injuring her back. As a result, she was referred to Macy's doctor for treatment. Macy's doctor opined that Plaintiff Chemali was injured and placed her on restrictions on lifting and pushing.  Despite the restrictions, Sarah continued to subject Plaintiff Chemali to heavy lifting and pushing, as Plaintiff Chemali rebuffed her manager's sexual harassment.  Sarah's acts or omissions exacerbated Plaintiff Chemali's condition.

18.     As a result, Plaintiff Chemali continued to receive treatment for her back injury and Macy's doctor continued to renew the restrictions. After several renewals of the restriction, Macy's H.R.

Manager reminded Plaintiff Chemali that her medical treatments were getting too much for the company and that Macy's wanted her to go for a second opinion. The message was initially conveyed to Plaintiff Chemali by "Macy's corporate".

19.     Macy's referred Plaintiff Chemali to another Macy's doctor and insisted that Plaintiff Chemali "must not miss the appointment for anything in the world" and prohibited her from going to another doctor for the second opinion.  Macy's second-opinion doctor opined that Plaintiff Chemali's injuries were no longer job-related but were due to degenerative disease.

20.     In the meantime, Plaintiff Chemali again lodged complaint of sexual harassment with the overall Store Manager, Defendant Conner because the harassment perpetuated.

21.     About two weeks thereafter, Macy's informed Plaintiff Chemali that Macy's would no longer be paying her medical bills as her back injury have then been determined to be no longer work-related. That same day, Macy's H.R. manager gave Plaintiff Chemali a letter to that effect.  It was also that same day, in November 2013, that she was summoned to the Loss Prevention Room and fired under the guise of violating Macy's policy on coupon use.

22.     Defendant Lewis, the Loss Prevention employee, held Plaintiff for approximately five hours against her will; forced her to write what the DEFENDANT LEWIS dictated to her as if they were her own words or statements; threatened her with several punishments, including incarceration; refused to allow her to exit the room; banged on the desk numerous times telling Plaintiff Chemali in a loud voice that she was going to be locked up. The threat from the DEFENDANT LEWIS to Plaintiff Chemali was such as instilled or inspired great fear of injury to Plaintiff Chemali's person. Present in the room was Renee, a Macy's Manager, who relentlessly encouraged Plaintiff Chemali to do as the DEFENDANT LEWIS directed to facilitate and expedite Plaintiff Chemali's release. Essentially, Macy's willfully detained Plaintiff Chemali against her will, without her consent and without the authority of law.

23.     Right after Plaintiff Chemali got fired, Macy's via its agent and lawyers, sent at least five letters in succession, in about two months,  to Plaintiff Chemali, threatening to prosecute or file a

lawsuit against her, unless she paid $420.00, which Macy's allegedly lost as a result of Plaintiff Chemali's violation of Macy's policy on coupon use. Ignorant of the dynamics and operation of the court system, and particularly emanating from a culture where women barely have a voice or say in anything other than obey their husbands and authorities, Plaintiff Chemali, feeling harassed and out of great fear of inter alia, persecution, paid the $420.00.

## V.    FACTS PECULIAR TO PLAINTIFF OMUTITI

24.    Similarly Plaintiff Omutiti suffered several discriminatory treatments at the hands of her managers. Despite her qualifications (Masters degree), she was rejected for managerial positions and was constantly directed to train employees (and in some instances, managers with either high school diploma or first degrees). Her managers referred to her as "you old people" and would make comments like "let the younger ones have it" "teach the younger ones to do it" "you speak funny" "go back to your country" to name a few. In fact she was twice demoted after she complained about discrimination.

25.    Traditionally, Macy's opens late to the public from November till December, every year for Christmas sales, promotion and the like. In year 2012 and 2013, Plaintiff Omutiti worked 16 hours per day during those holiday periods of November to December. Plaintiff Omutiti did not get paid for the extra hours she did. Additionally, she was not given her vacation pay.

26.    Furthermore, Macy's customers repeatedly complained about mold being in the building and how it could jeopardize their health if care was not immediately taken. Following up on those complaints, Plaintiff Omutiti informed Defendant Conner and requested that the mold situation be corrected so that the environment can be safe for both the customers who were complaining as well as the employees. She stated that failure to correct the problem was OSHA violation and could put Macy's in trouble.

27.    Shortly after that, Defendant Conner fired Plaintiff Omutiti. On the day of her discharge, Plaintiff Omutiti was summoned to the Loss Prevention room where she was held for about five hours.

28.     While Plaintiff Omutiti was held for approximately five hours, she was inter alia, yelled at numerous times; accused of improperly taking or stealing company's coupons for customers; ordered to write a statement to the effect that she did not know she was violating the company's policy; that she had signed Macy's Rules of Conduct; and was told she would not be released unless she "confessed" to taking or stealing Macy's coupons for a customer. Plaintiff Omutiti was told she would not be released and was not allowed to leave. Defendant Lewis also banged his hand on the desk numerous times threatening incarceration. Present was the Defendant Lewis' assistant, Jasmine. The threat from Defendant Lewis to Plaintiff Omutiti was such as instilled or inspired great fear of injury to Plaintiff Omutiti's person. Essentially, Macy's and Defendant Lewis willfully detained Plaintiff Omutiti against her will, without her consent and without the authority of law.

29.     Furthermore after about four hours into the detainment, Plaintiff Omutiti felt the urge to use the bathroom, she was not allowed to go. She held her hand in her private area and was still not allowed to go until she started to urinate on herself. At that point she was allowed to leave for the bathroom and was told by Defendant Lewis that she would be monitored with a camera while she was using the bathroom. She held her hand on her private part until she got to the bathroom amidst her coworkers and customers. She remained in wet underwear till about the fifth hour of detainment. About the fifth hour of detainment, Omutiti was accompanied by Defendant Lewis and another staff member to her car. Even at the parking lot of Macy's, her car was blocked by her Manager, Defendant Conner for quite a bit of time before she was eventually allowed to leave.

30.     At all times the Lewis, Renee, Jasmine and Conner were acting within the course and scope of their employment with Macy's**.**  Macy's directed them to act the way they did to further Macy's pecuniary or other interests. Thus, under the doctrine of *respondeat superior*, Defendant Macy's is liable for the acts and omissions of its employees.   Plaintiffs allege in the alternative that, Defendants Macys, Lewis and Conner acted singularly or in concert to inflict permanent injuries on the Plaintiffs to the Plaintiffs detriment.

31.     Shortly after Plaintiff Omutiti was fired or about March 30, 2014, a Macy's customers that Plaintiff Omutiti always assisted visited the Greenspoint Macy's store and asked for her.  Renee, a Manager informed her that Plaintiff Omutiti no longer worked there. The customer inquired further into whether Omutiti was transferred or retired. Renee informed the customer that Omutiti was "let go because of Loss Prevention Issue." The customer then stated "Really?"  Renee responded "Really."

32.     Thereafter, about May 3, 2014, Mr. Ghanem, another customer, who was also a Pizza delivery man at Macy's, and who was familiar with many of Greenspoint Macy's employees as they often patronize her at his nearby Pizza deli, also visited the Greenspoint Macy's store.  While he was there, he asked for Plaintiff Omutiti, among others.  An Associate stated "here comes the Manager, she can tell you."  At the time, Defendant Conner the Manager happened to stop by at the counter.  Defendant Conner told Mr. Ghanem that Omutiti was discharged for stealing Macy's coupons for a customer. As it turned, out Mr. Ghanem was Plaintiff Chemali's husband.

33.     In fact, Omutiti did not steal coupons for a customer but had, during a customer's purchase, used the customer's coupons for the customer, in a manner not inconsistent with Macy's policy.

34.     Prior to Omutiti's discharge however, Defendant Conner had used Omutiti's Associate PIN – an identification number unique to Omutiti (like on-the-job Social Security Number) in a manner inconsistent with Macy's policy.

35.     Prior to her discharge, Omutiti had as stated above, complained about being overlooked for positions as younger Associates were given positions she was more qualified for; she had complained about not being paid her overtime hours and vacation pay as Macy's failed to pay her for the hundreds of hours worked and owed.  Additionally, Plaintiff Omutiti had complained about age and national origin discrimination, as her manager always made a mockery of her accent and at the time of discharge she was told "I think it's time to go back to your country and take care of your folks."

36.     Though Omutiti was a Macy's "Empowered Associate" who had received many awards, accolades and recommendations for outstanding job performance throughout her employment, shortly after Omutiti's last complaint, her position was advertised and she was fired about February 2014, under the guise of violating the company policy on coupon.

37.     About June 15, 2014, in her quest to mitigate her damages, Omutiti applied for a position at another organization. She did not get the job.  She was subsequently referred to Mr. Ghanem around August 2014, as the latter had displayed a "help wanted" sign at his Pizza shop at that time.  Omutiti approached Mr. Ghanem and applied for the position. Mr. Ghanem did not give her the position. Omutiti thereafter inquired into why she did not get the position. Mr. Ghanem did not tell her. Omutiti later learned that Mr. Ghanem was "concerned" about the statement Carry made to him about Omutiti.

## VI.    CAUSES OF ACTION - PLAINTIFF CHEMALI [1]

### (Discrimination and Harassment in Violation of Section 1981)

38.     Plaintiff Chemali hereby repeats and realleges each and every allegation pertaining to her or paragraphs 1 through 37, inclusive, as if fully set forth herein.

39.     Defendant Macy's has discriminated against Plaintiff Chemali on the basis of her race, Lebanese in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are Hispanic or not Lebanese, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment and discrimination.

40.     Defendant Macy's has discriminated against Plaintiff Chemali on the basis of her race in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race.

---

[1] *Except as otherwise indicated, the Defendant implicated is Macy's*

41.    As a direct and proximate result of Defendant's Mary's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

42.    Defendant's Macy's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious,  was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff Chemali's civil rights, entitling her to an award of punitive damages.

**(Retaliation in Violation of Section 1981)**

43.    Plaintiff Chemali hereby repeats and realleges each and every allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44.    Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, withdrawing an agreed upon accommodation for Plaintiff's disabilities, and procuring a physician to falsify the truth about Plaintiff's condition. Additionally, Plaintiff engaged in protected activities, suffered adverse employment actions and would not have suffered the adverse employment actions if she had not engaged in protected activities.

45.    As a direct and proximate result of Defendant Macy's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

46.     Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**(Discrimination and Harassment in Violation of Title VII)**

47.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     Defendant Macy's has discriminated against Plaintiff on the basis of her race and/or national origin (Lebanon) in violation of Title VII by denying her the same terms and conditions of employment available to other employees including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

49.     Defendant Macy's has discriminated against Plaintiff on the basis of her race or national origin in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race/national origin.

50.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

51.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**D. (Retaliation in Violation of Title VII)**

52.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.     Defendant Macy's has retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices in that she engaged in protected activities, suffered adverse employment actions and would not have suffered the adverse employment actions if she had not engaged in protected activities.

54.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

55.     Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**(Violation of Duty of Reasonable Accommodation Under ADA)**

56.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57.     Plaintiff had a disability, Defendant Macy's knew of the consequential limitation of the disability but failed to accommodate the disability. Defendant violated its duty under the ADA to provide Plaintiff with a reasonable accommodation for her disabilities when it denied Plaintiff's request for the reasonable accommodation identified by Defendant's own doctor.

58.     As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the ADA, Plaintiff Chemali has suffered and continues to suffer harm for which she is entitled to an award of damages.

59.     Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

**(Sexual Harassment- discrimination)**

12

**60.**     PLAINTIFF CHEMALI hereby repeats and realleges each and every allegation

pertaining to her or paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     Plaintiff Chemali alleges that Defendant Macy's subjected her to a hostile work

environment – sexual harassment by her same-sex manager; that the harassment was sufficiently

severe and pervasive or was such as altered the conditions of her employment. As a direct and

proximate result of Defendant Macy's unlawful conduct, Plaintiff has suffered and continue to

suffer severe mental anguish and emotional distress, including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

emotional pain and suffering, as well as physical injury, for which she is entitled to an award of

monetary damages and other relief

62.     Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton

violation of the law for which Plaintiff is entitled to an award of punitive damages.

FALSE IMPRISONMENT

63.     Plaintiffs incorporate by reference all of the allegations contained in the preceding

paragraphs 1-62 herein. By willfully detaining Plaintiff Chemali against her will, ordering and

forcing her to write statements other than what actually occurred, and holding her up for

approximately five Defendants Macy's and Lewis violated the law. Moreover, by willfully

detaining Plaintiff Chemali against her will without her consent and without the authority of law,

Defendants Macy's and Lewis falsely imprisoned Plaintiff  in violation of the law.  (*Defendant*

*Lewis is involved in this count*)

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiffs incorporate by reference all of the allegations contained in the preceding

paragraphs 1-63 herein.  All of the Defendants' actions, singularly or in concert, as described above

were extreme and outrageous and went well beyond all measures of decency. Defendants,

singularly or in concert, acted intentionally and the emotional distress suffered by the Plaintiff

Chemali was severe. The Plaintiff  is owed compensation as there is no other remedy for the

severe emotional distress caused by the Defendants.

65.     Plaintiff Chemali also asserts that the Defendants' conduct has caused Plaintiff severe physical and emotional distress as stated above, which has directly impacted the Plaintiff in her personal, and family life. Plaintiff further states that she is entitled to damages for her emotional distress as well as exemplary damages from the Defendants, jointly or severally, for knowingly causing the Plaintiff severe emotional distress. (*Defendant Lewis is implicated in this count*)

## VII.     CAUSES OF ACTION - PLAINTIFF OMUTITI

### (Discrimination in Violation of Section 1981)

66.     PLAINTIFF OMUTITI hereby repeats and realleges each and every allegation pertaining to her or paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.     Defendant Macy's has discriminated against PLAINTIFF OMUTITI on the basis of her race, African in violation of Section 1981 by denying her the same terms and conditions of employment available to other employees that are Hispanics or not Africans, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination.

68.     As a direct and proximate result of Defendant's Mary's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

69.     Defendant's Macy's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious,  was intended to injure Plaintiff, and was done with conscious disregard of PLAINTIFF OMUTITI's civil rights, entitling her to an award of punitive damages.

**(Retaliation in Violation of Section 1981)**

70.    PLAINTIFF OMUTITI hereby repeats and realleges each and every allegation in paragraphs 1 through 69, inclusive, as if fully set forth herein.

71.    Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices by, inter alia, subjecting Plaintiff to acts of discrimination, retaliation and humiliation, as Plaintiff engaged in protected activities, suffered adverse employment actions and would not have suffered the adverse employment actions if she had not engaged in protected activities.

72.    As a direct and proximate result of Defendant Macy's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**(Discrimination Harassment in Violation of Title VII)**

74.    Plaintiff Omutiti hereby repeats and realleges each and every allegation in paragraphs 1 through 73, inclusive, as if fully set forth herein.

75.    Defendant Macy's has discriminated against Plaintiff on the basis of her race and/or national origin (African) in violation of Title VII by denying her the same terms and conditions of employment available to other employees including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

76.    Defendant has discriminated against Plaintiff on the basis of her race or national origin in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to

prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race/national origin.

77.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which she is entitled to an award of monetary damages and other relief.

78.     Defendant's Macy's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### (Retaliation in Violation of Title VII)

79.     Plaintiff Omutiti hereby repeats and realleges each and every allegation in paragraphs 1 through 78, inclusive, as if fully set forth herein.

80.    Defendant Macy's has retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices in that she engaged in protected activities, suffered adverse employment actions and would not have suffered the adverse employment actions if she had not engaged in protected activities.

81.     As a direct and proximate result of Defendant Macy's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

82.     Defendant Macy's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## (Violation Of The Fair Labor Standard Act.

83.     Plaintiff Omutiti hereby repeats and realleges each and every allegation in paragraphs 1 through 82, inclusive, or as applicable as if fully set forth herein.

84.     Defendant Macy's violated the Fair Labor Standard Act by failing to pay the Plaintiff for overtime hours worked for the Defendants as well as withholding the Plaintiff's vacation and overtime paycheck as a weapon for punishment.

85.     Plaintiff alleges that Defendant Macy's acted contrary to its promise or written policy that it would pay its employees consistent with federal law but violated that promise or policy in order to misappropriate wages for its own benefit and/or enforced that policy inappropriately.

86.     Plaintiff Omutiti asserts that she has suffered financial and emotional stress because of the Defendant's actions and is entitled to damages in the amount found by the finder of facts that the Plaintiff is entitled to as a result of uncompensated vacation and overtime hours she worked for the Defendant.

87.     Plaintiff Omutiti also asserts that she is entitled to exemplary damages and attorneys' fees because of the Defendant's violations as found reasonable by the finder of facts.

## FALSE IMPRISONMENT

88.     Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs 1-87 herein. By willfully detaining Plaintiff Omutiti against her will, ordering and forcing her to write statements other than what actually occurred, Defendants Lewis and Macy's violated the law.  Moreover, by willfully detaining Plaintiff Omutiti against her will without her consent and without the authority of law, refusing to allow her to ease herself until she "messed up," telling her she was going to be monitored with a camera while she used the bathroom, and holding her up for approximately five hours, Defendants Lewis and Macy's falsely imprisoned Plaintiff  in violation of the law.  (*Defendant Lewis is implicated in this count*)

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89.     Plaintiffs incorporate by reference all of the allegations contained in the preceding

paragraphs 1-88 herein.  Defendants' actions as described above were extreme and outrageous and went well beyond all measures of decency. Defendants Lewis and Macy's acted intentionally and the emotional distress suffered by the Plaintiff Omutiti was severe. The Plaintiff  is owed compensation as there is no other remedy for the severe emotional distress caused by the Defendants.

90.     Plaintiff Omutiti also asserts that Defendants Lewis and Macy's conduct as described above and especially causing her to urinate on herself, intentionally humiliated Plaintiff Omutiti publicly as she held her hand on her private part until she got to the bathroom amidst her coworkers and customers; and remained in wet underwear until the fifth hour of detainment, which occurrence caused Plaintiff Omutiti severe physical and emotional distress, and which has directly impacted the Plaintiff in her personal, and family life. Plaintiff further states that she is entitled to damages for her emotional distress as well exemplary damages from the Defendants, jointly and/or severally, for knowingly causing the Plaintiff severe emotional distress.

91.     Plaintiff Omutiti asserts that Defendants further inflicted emotional distress on her by withholding her overtime and vacation paycheck and using the paychecks, inter alia, as a tool of punishment, and using the violation of Macy's policy on coupon as a subterfuge for her discharge. Plaintiff further states that she is entitled to damages for her emotional distress as well exemplary damages from the Defendants, jointly and/or severally, for knowingly causing the Plaintiff severe emotional distress. (*Defendant Lewis is implicated in this count*)

<u>DEFAMATION</u>

92.     Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs 1-91 herein. Defendant Macy's and Defendant Conner, published the false and defamatory statements set forth above, whereby they failed to ascertain or state the truth. Defendants either knew or should have known, in the exercise of ordinary care, that the statements were false.

93.     The statement was defamatory because it unambiguously stated that Plaintiff Omutiti

committed theft, given that a Macy's manager, stated that Plaintiff Omutiti was "let go because of

Loss Prevention Issue."  Defendant Conner, another Macy's manager stated that Plaintiff Omutiti

was discharged for stealing Macy' coupons for a customer. Both statements not only connote but

clearly conveyed  the impression that Plaintiff Omutiti committed a crime of theft.

94.     The defamatory statements set forth above are false. The truth is that the Plaintiff did not

commit any crime. She did not use the coupon in a manner inconsistent with Macy's policy.

95.     Defendants Macy's and Conner are jointly or severally strictly liable to Plaintiff Omutiti

for the defamation.

96.     As a direct and proximate result of the Defendants' publication of the defamatory

statement, the Plaintiff Omutiti's reputations have been severely injured. The defamatory

statements have caused Plaintiffs to suffer extreme mental anguish, public humiliation, and

embarrassment.

97.     As a direct and proximate result of the Defendants Macy's and Conner's publication of

the defamatory statement, Plaintiffs have suffered special damages.

98.     Plaintiff Omutiti seeks unliquidated damages for these injuries in an amount within the

jurisdictional limits of this court. (*Defendant Conner is implicated in this count*)

<u>DEFAMATION  PER SE</u>

99.     Plaintiffs incorporate by reference all of the allegations contained in the preceding

paragraphs 1-98 herein. Defendants' statements described above were Defamation or Slander per

se as defined by Texas Civil Practice & Remedies Code section 73.001 because they suggested

that the plaintiff was guilty of criminal activity, and further suggested that the Plaintiff routinely

steal coupons for customers. Defendants' statements injured and still injure Plaintiff Omutiti's

reputation and exposed her to public hatred, contempt, ridicule, or financial injury. Furthermore,

Defendants' statements impeached Plaintiff Omutiti's honesty, integrity, virtue, or reputation.

100.    The defamatory statement requires no proof of its injurious character because it was

obviously hurtful to Plaintiff Omutiti.

101.     Plaintiff asserts that she is entitled to both general damages for the injuries that she has suffered as a result of the defamatory statement. This includes lost earning and lost earning capacity suffered as a result of the statement, pain and suffering, impairment to reputation and standing in the community, personal humiliation, shame, and disgrace. (*Defendant Conner is implicated in this count*)

VIOLATION OF THE TEXAS LABOR CODE.

102.      Plaintiffs incorporate by reference all of the allegations contained in the preceding paragraphs 1-101 herein

103.     Plaintiff  Omutiti alleges that Defendants violated the Texas Labor Code by failing to pay the Plaintiff for overtime hours worked for the Defendants as well as withholding the Plaintiff's vacation and overtime paycheck as a weapon for punishment.

104.     Plaintiff assert that she has suffered financial and emotional stress because of the Defendants' actions and is entitled to damages in the amount found by the finder of facts that the Plaintiff is entitled to as a result of uncompensated vacation and overtime hours she worked for the Defendant.

105.     Plaintiff Omutiti also asserts that she is entitled to exemplary damages and attorneys' fees because of the Defendants violations as found reasonable by the finder of facts.

**VIII   DAMAGES**

106.     The Plaintiffs herein have suffered physically, emotionally, and financially and are therefore owed damages that will adequately compensate them for the Defendant's wrongful conduct. The Plaintiff s have suffered pain and anguish, past and future emotional distress. Thus the Plaintiffs have endured years of pain and are therefore entitled to restitution for both past and future pain and are entitled to both past and future emotional suffering as a result of the

Defendant Macy's actions. Plaintiffs are entitled to their actual damages, special damages, costs of court, pre and post judgment interest, and attorney's fees as allowed by law.

## IX.   EXEMPLARY DAMAGES

107.   The Plaintiffs are also entitled to exemplary damages as allowed by law as the acts were done willfully and maliciously.

## X.   CONDITIONS PRECEDENT

108.   All conditions precedent to Plaintiffs' right to bring this action and to recover their damages and to Defendant's liability have been performed or have occurred.

## XI.   ADOPTION BY REFERENCE

109.   Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiffs their maximum recovery for relief and for purposes of providing fair notice of Plaintiffs' allegations.

## XII.   PRAYER

**WHEREFORE,** premises considered, Plaintiffs Chemali and Omutiti pray that Defendant Macy's be cited to appear and answer herein, and that upon a final hearing hereof that Plaintiffs each do have their judgment against the Defendant Macy's  for the sum of $350,000.00 or an amount to be determined by the jury; for Exemplary damages as proved by law; Attorney's fees and expenses as provided by law;  cost of court; for pre-judgment interest as permitted by law, for post-judgment interest at the legal rate, and for such other and further relief, in law and in equity, to which they may show themselves justly entitled to receive.

**PLAINTIFFS REQUESTS A JURY TRIAL ON THIS MATTER**

Respectfully submitted,

**THE GBENJO LAW GROUP**


_ /S/  A. Sampson Gbenjo_____
A. Sampson Gbenjo
Bar No. 24043047
9009 Bissonnet Street
Houston, Texas 77074
Phone: 713-771-4775
Fax: 713-771-4784
Counsel for Plaintiffs